PER CURIAM.
 

 | ⅜ This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael Wayne Kelly, an attorney licensed to practice law in Louisiana.
 

 PRIOR DISCIPLINARY HISTORY
 

 Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1994. In 2003, this court suspended respondent from the practice of law for a period of six months for neglecting two legal matters and engaging in the commingling and conversion of client funds in a third matter.
 
 In re: Kelly,
 
 03-0287 (La.10/21/03), 857 So.2d 451
 
 (“Kelly I”).
 
 In determining a sanction, we recognized respondent’s misconduct was largely the product of negligence and did not result from an intentional desire by respondent to cause harm to his clients.
 

 Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
 

 UNDERLYING FACTS
 

 Respondent represented a client in a worker’s compensation matter which was set for trial on March 11, 2005. Two days before trial, respondent contacted oppos
 
 *1098
 
 ing | gcounsel and advised that he needed a continuance because he was unprepared. Counsel agreed to consult with his client to determine whether they would agree to a continuance. On the day before trial, respondent again contacted counsel, reiterating that he was not prepared for trial and that he had a second basis for a continuance in that he was scheduled to be in court in St. Martinville the next day.
 

 When opposing counsel informed respondent that his client would not permit him to agree to a continuance, respondent filed a written motion for a continuance with the worker’s compensation hearing officer, wherein he stated, “Mover shows that he is scheduled to attend court in St. Martinville Parish in the matter captioned
 
 State of Louisiana v. Billy Williams, Jr.”
 
 The hearing officer subsequently held a status conference to discuss respondent’s request for continuance. During the conference, respondent indicated the Billy Williams matter had been set for trial in December 2004, but was continued and given a preferential setting for March 11, 2005, the date of the worker’s compensation trial. When respondent indicated the conflict could not be resolved, the hearing officer granted a continuance.
 

 These representations by respondent were subsequently determined to be false. In particular, although respondent was a friend of the family of Billy Williams, he was not counsel of record for Mr. Williams and there was no court matter scheduled in St. Martinville on March 11, 2005.
 

 DISCIPLINARY PROCEEDINGS
 

 In July 2007, the ODC filed formal charges against respondent.
 
 [1]
 
 As to Count I, the ODC alleged respondent violated the following provisions of the Rules of ^Professional Conduct: Rules 3.8(a)(1) (a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fad to correct a false statement of material fact or law previously made to the tribunal by the lawyer), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent answered the formal charges, denying any misconduct. This matter then proceeded to a formal hearing on the merits, which was conducted by the hearing committee in February and March 2009.
 

 Hearing Committee Report
 

 On the first day of the hearing in this matter, respondent withdrew his former denials of the allegations made by the ODC. In doing so, respondent stipulated to the factual allegations and rule violations alleged in the formal charges.
 

 After considering the testimony and evidence presented at the hearing, the hearing committee made factual findings, including the following:
 

 1. Respondent represented a client in a worker’s compensation matter against the Carroll Parish Police Jury, which was defended by Attorney Anzelmo.
 

 2. The matter was set for trial for Friday, March 11, 2005, before Worker’s Compensation Judge Brenza Irving in Tallulah.
 

 3. Two days before trial, respondent contacted Anzelmo and advised that he needed a continuance because he was unprepared.
 

 4. Anzelmo agreed to ask his client whether they would agree to continue the trial.
 

 
 *1099
 
 5. On the day before trial, respondent again contacted Anzelmo and reiterated that he was unprepared for trial and that he also was scheduled to be “in court in St. Martinville” on that day.
 

 |46. Anzelmo and his client did not agree to the continuance.
 

 7. Respondent filed a written motion for a continuance, in which he stated: “Mover shows that he is scheduled to attend court in St. Martin-ville Parish in the matter captioned
 
 State of Louisiana v. Billy Williams, Jr.”
 

 8. Judge Irving held a status conference on the day before the scheduled trial to discuss the request for continuance. During that conference, respondent indicated the matter of
 
 State of Louisiana v. Billy Williams, Jr.
 
 had been set for trial in December 2004, but was continued by Judge deMahy and given a preferential setting for March 11, 2005, the date of the Office of Worker’s Compensation trial. Respondent indicated the conflict could not be resolved, as he was required to appear in St. Martin-ville on March 11. Following additional inquiries, and in an effort to resolve the conflict, respondent advised the court of the unavailability of other counsel to handle the Office of Worker’s Compensation trial. Under the circumstances, the trial was continued.
 

 9. There was no trial or court date scheduled in the
 
 State v. Williams
 
 matter for March 11, 2005. Rather, Mr. Williams, who was charged with at least one count of armed robbery, had been given a preferential court date of October 14, 2005. Mr. Williams was facing a potential life sentence, due to a threatened habitual offender bill.
 

 10. Respondent was not enrolled as counsel of record for Mr. Williams, but was working with him to obtain a plea agreement. Mr. Williams was respondent’s former client.
 

 11. On the first day of testimony (February 24, 2009), in this committee’s hearing on these formal charges, respondent withdrew his former denials of the allegations regarding Count I. In doing so, respondent agreed to and stipulated Uto the factual allegations and the rule violations as alleged in Count I of the formal charges.
 

 12. At the hearing, respondent stated: “I filed a pleading in the record, and that pleading said that there was a trial to be held, and I think that that [sic] in and of itself, is the crux of my misrepresentation because I said that and that was a lie. That was not true.”
 

 13. Respondent did travel to Iberia Parish on March 11, 2005 to meet with Mr. Williams. He was able to effectuate a plea deal for Mr. Williams with the district attorney’s office for the 16th JDC, for which Mr. Williams received a ten-year sentence.
 

 In light of the above findings, the committee determined respondent’s statements to the hearing officer were clearly intentional. Respondent admittedly lied to and misled the hearing officer about facts material to the hearing officer’s decision to grant the continuance. As a result of his misconduct, respondent’s client and Mr. Anzelmo’s client were denied the opportunity to present their case in court on the date previously set for trial. After considering the ABA’s
 
 Standards for Imposing
 
 
 *1100
 

 Lawyer Sanctions,
 
 the committee determined the baseline sanction is suspension.
 

 The committee did not specifically discuss whether any aggravating factors were present, although it recognized respondent’s prior disciplinary record in
 
 Kelly I
 
 and the fact that he persisted in his denial of wrongdoing until one week prior to the hearing,
 
 [2]
 
 requiring the ODC to unnecessarily subpoena witnesses and prepare for trial. In mitigation, the committee found respondent showed remorse.
 

 | (iUnder these circumstances, the committee recommended respondent be suspended from the practice of law for one year and one day, with six months and one day deferred.
 

 The ODC filed an objection to the hearing committee’s recommendation, arguing that the recommended sanction is inadequate given all the facts and circumstances, including the prior disciplinary record of respondent.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined that the hearing committee’s factual findings are supported by the evidence adduced at the hearing and/or by respondent’s stipulation. The board determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The board found respondent violated a duty owed to the legal system by intentionally lying to the worker’s compensation hearing officer. In addition to the injury that is inherent when a lawyer fails to demonstrate candor toward a tribunal, respondent’s lie created a basis for the hearing officer to grant a continuance, causing a delay in the worker’s compensation matter. Further, the hearing officer expended considerable time dealing with the consequences of respondent’s lie. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the applicable baseline sanction in this matter is suspension.
 

 The board found the following aggravating factors present: prior disciplinary offenses, a pattern of misconduct, submission of false statements during the disciplinary process, and substantial experience in the practice of law (admitted 1994). The board found no mitigating factors present and indicated that the 17committee’s finding of remorse is inconsistent with respondent’s long-held denial of wrongdoing in his written and attested representations to the ODC.
 

 Considering this court’s prior jurisprudence and the numerous aggravating factors present in this case, the board recommended respondent be suspended from the practice of law for eighteen months, with all but one year deferred. One board member dissented and would recommend an eighteen-month suspension with all but one year and one day deferred, “such that the Respondent would be required to apply for reinstatement before being allowed to return to the practice of law.”
 

 Both respondent and the ODC filed objections to the sanction recommended by the disciplinary board.
 
 [3]
 
 Accordingly, the
 
 *1101
 
 case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 | ¿^Respondent has admitted that he misrepresented facts to a worker’s compensation hearing officer in order to establish grounds to obtain a continuance. Respondent stipulated that this conduct violated Rules 3.3(a)(1), 8.4(a), and 8.4(c) of the Rules of Professional Conduct. Accordingly, the only issue before us is a determination of the appropriate sanction for the misconduct.
 

 In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each ease and the seriousness of the offenses involved considered in light of any aggravating and mitigating cireum-stances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent violated duties owed to the legal system. In order to convince a worker’s compensation hearing officer to grant a continuance, respondent intentionally misrepresented that he had a trial scheduled in a criminal case, and thus had a conflict with the scheduled hearing in the worker’s compensation matter. Under the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the baseline sanction for this type of misconduct is a period of suspension. There are numerous aggravating factors present, as found by the board, and there are no mitigating factors present.
 

 Under the totality of the circumstances, we find the appropriate sanction in this matter is a suspension irom the practice of law for eighteen months, with all but one year deferred. Following the completion of the active portion of his suspension, respondent shall be placed on unsupervised probation for a period of one year, subject to the condition that any misconduct during this period may be grounds for making 19the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Michael Wayne Kelly, Louisiana Bar Roll number 23159, be and he hereby is suspended from the practice of law for eighteen months, with all but one year deferred. Following completion of the active portion of his suspension, respondent shall be placed on unsupervised probation for one year, subject to the con
 
 *1102
 
 dition that any misconduct during this period may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 [1]
 

 . The ODC dismissed a second count of misconduct (Count II) following the issuance of the hearing committee’s report. As such, this opinion will not address the merits of the dismissed count and the dismissed rule violations.
 

 [2]
 

 . In response to the complaint filed against him by his opposing counsel and the worker's compensation hearing officer, respondent asserted that he “did not lie or make any misrepresentations” to the hearing officer. Several months later, respondent provided a second response to the complaint in which he maintained that he "acted in good faith and honestly.” Respondent continued to deny any wrongdoing in his sworn statement to the ODC in May 2006, testifying that any incorrect statements in the motion for a continuance were simply "an error.”
 

 [3]
 

 . Respondent further objected to the imposition of the costs associated with Count II of the formal charges since that count had been
 
 *1101
 
 dismissed by the ODC. In this regard, respondent should follow the procedures for objecting to costs as set forth in Supreme Court Rule XIX, Appendix A, Rule 7.