ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
hOn January 19, 2011, we suspended respondent, Michael Wayne Kelly, for a period of eighteen months, with all but one year deferred, for making false representations to a worker’s compensation hearing officer in order to obtain a continuance. In re: Kelly, 10-1934 (La.1/19/11), 54 So.3d 1096. Respondent’s suspension took effect on March 4, 2011, upon our denial of his application for rehearing. In the instant matter, the Office of Disciplinary Counsel (“ODC”) moves to make the deferred portion of respondent’s suspension executory, based upon new violations of the Rules of Professional Conduct by respondent. Respondent has not opposed the ODC’s petition.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On March 11, 2011, at which time he was suspended from practicing law, respondent accepted $2,160 from Mary Alice Graham to handle an expungement matter on behalf of her daughter. Neither Ms. Graham nor her daughter was aware that respondent had been suspended by the court effective March 4th and that he could not accept the representation.
Thereafter, according to the complaint filed by Ms. Graham with the ODC, she and her daughter attempted to contact respondent on several occasions to discuss the progress he was making on the ex-pungement petition. When they |2finally reached respondent on June 15, 2011, he falsely informed them that he was “waiting for the judge to sign the paperwork.” In fact, no expungement pleadings had been filed by respondent. Moreover, at no point during this conversation did respondent disclose that he was suspended from the practice of law.
On June 23, 2011, respondent informed Ms. Graham and her daughter for the first time that his law license was suspended and that he “had to go through another attorney” to handle the expungement. Ms. Graham and her daughter denied knowing anything about another attorney, and denied that they had given respondent permission to hire anyone on their behalf. *263 Accordingly, Ms. Graham demanded a refund of the fee she paid so that she could hire new counsel for her daughter. Respondent failed to refund the fee, and on July 26, 2011, Ms. Graham filed a disciplinary complaint against respondent. On September 7, 2011, respondent repaid $1,800 to Ms. Graham. He repaid the remaining $360 on September 16, 2011.
DISCUSSION
We find that after the effective date of his suspension, respondent accepted legal fees from a client, in violation of Rule 5.5(e)(4) of the Rules of Professional Conduct, which provides that a suspended attorney may not “receive, disburse or otherwise handle client funds.” He then did no work on the client’s legal matter, and when confronted by the client, falsely claimed that he was “waiting for the judge to sign the paperwork.” In truth and in fact, no pleadings had been filed on behalf of the client by respondent or anyone else. Finally, respondent waited until after a disciplinary complaint was lodged against him to refund the fees paid by the client. These facts clearly constitute new violations of the Rules of Professional Conduct, and thereby support the imposition of the deferred portion of the eighteen-month suspension we imposed on January 19, 2011.
|¾Accordingly, we will make the previously deferred portion of respondent’s suspension immediately executory.
DECREE
For the reasons assigned, the previously deferred portion of the eighteen-month suspension imposed in In re: Kelly, 10-1934 (La.1/19/11), 54 So.3d 1096, is hereby made immediately executory. All costs and expenses in the matter are assessed against respondent, Michael Wayne Kelly, Louisiana Bar Roll number 23159, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.